**Richard Sunday IFILL, Dr., Plaintiff–Appellant,**

v.

**Glenn GOORD, Commissioner, et al., Defendants–Appellees.**

No. 07–4628–pr.

United States Court of Appeals, Second Circuit.

June 19, 2009.

Edward Roslak and Elizabeth Hampton (Jonathan Romberg, on the brief), Seton Hall Law School, Center for Social Justice, Newark, NJ, for Appellant.

Frank Brady, Assistant Solicitor General (Andrew M. Cuomo, Barbara D. Underwood, and Nancy A. Spiegel, on the brief) Attorney General's Office, State of New York, Albany, NY, for Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges and Hon. RICHARD K. EATON,* Judge.

* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Richard Sunday Ifill appeals from the judgment of the United States District Court for the Western District of New York (Skretny, J.), granting summary judgment to Defendants. We assume the parties' familiarity with the facts and procedural history.

In May 2008, we granted Appellant's motion for appointment of counsel, instructing the newly appointed attorney to brief "whether the district court properly granted summary judgment to the Defendants on Appellant's claim that his Eighth Amendment rights were violated by the Defendants when he was placed in a freezing cold cell without adequate clothing." The appeal was dismissed with respect to all other claims. Thereafter, Appellees conceded that, in light of the order, remand is appropriate as to the cold cell claim, which the district court had failed to address. Appellant, however, contends that the language of the May 2008 order was intended to include the entire claim of cruel and inhumane treatment, including the allegation that Appellant was not allowed to use his wheelchair inside his cell, leading to his inability to move around and use the toilet, which resulted in him soiling himself. Our review of the prior order and of the record indicates that the scope of remand is to the allegation that Ifill was forced to sleep in a freezing cold cell without adequate clothing. Accordingly, we reverse the judgment of the district court with respect to that claim and remand for further proceedings.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is VACATED as to the above-noted claim, and we REMAND to the district court to conduct further proceedings in accordance with this decision.